UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALI MALOHI,<br><br>                    Petitioner,<br><br>       v.<br><br>RAFAEL ZUNIGA, et al.,<br><br>                    Respondents. | No. 2:14-cv-1459 KJN P<br><br><br><br>ORDER |

Introduction

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the undersigned. (ECF Nos. 4, 8.)

Pending before the court is respondent's motion to dismiss. (ECF No. 9.) For the following reasons, respondent's motion is granted.

Discussion

Petitioner alleges that in 2005, he was charged with violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), in the United States District Court for the Central District of Utah. (ECF No. 1 at 7.) On September 20, 2005, petitioner plead guilty to violating 18 U.S.C. § 922(g)(1). (Id. at 8.) On December 7, 2005, petitioner was sentenced to fifteen years even though the maximum penalty for violating 18 U.S.C. § 922(g)(1) was ten years. (Id.) Petitioner

1

alleges that his sentence was improperly enhanced pursuant to the Armed Career Criminal Act ("ACCA"), § 924e)(1). (Id. at 9.) Petitioner alleges the enhancement was improper because the enhancement, and apparently his prior crimes on which it was based, was not charged in the indictment. (Id.)

Respondent moves to dismiss the petition on several grounds.

*Jurisdiction*

Respondent first argues that the court lacks jurisdiction because petitioner's claim is not properly raised in a petition pursuant to 28 U.S.C. § 2241.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted); Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir. 2008.). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate mechanism by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The distinction between a motion to vacate, set aside or correct a sentence under Section 2255 and a habeas corpus petition under Section 2241 affects not only the type of relief generally available, but also whether a particular district court has jurisdiction to hear the request. Id. at 865. Section 2255 motions must be heard in the district court in which the federal prisoner was convicted and sentenced, whereas habeas corpus petitions under Section 2241 may be heard in the district court in which the federal prisoner is confined. Id.

Although petitioner is currently confined in the Eastern District of California, and this court has jurisdiction to hear a habeas corpus petition under Section 2241, the claim petitioner raises in this action directly challenges the legality of his sentence; thus, petitioner's claim is presumptively cognizable only in a Section 2255 motion to vacate sentence, which must be filed in the District Court for the Central District of Utah.

Nevertheless, Section 2255 has an "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a

2

sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Harrison, 519 F.3d at 956; Stephens, 464 F.3d at 897.  The petitioner has the burden of demonstrating Section 2255 is "inadequate or ineffective."  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"A motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Harrison, 519 F.3d at 959 (citation omitted); Stephens, 464 F.3d at 898.  "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens, 464 F.3d at 898 (citation omitted).  To determine "whether a petitioner had an unobstructed procedural shot to pursue his claim, [the Court asks] whether petitioner's claim 'did not become available' until after a federal court decision." Harrison, 519 F.3d at 960 (quoting Stephens, 464 F.3d at 898).  That is, the court must consider: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61).

Petitioner has not met his burden of demonstrating that his motion meets the escape hatch criteria of section 2255.  Petitioner does not make a claim of actual innocence.  Petitioner does not claim that he did not commit the crime of being a felon in possession of a firearm.  A claim of sentencing error "is not, by itself, a claim of actual innocence." Stephens, 464 F.3d at 899.  Rather, since the claim challenges petitioner's sentence, rather than his conviction, petitioner cannot show "'it is more likely than not that no reasonable juror would have convicted him.'" Id. at 898.  Petitioner also does not demonstrate the lack of an unobstructed procedural shot at presenting his claim.  Petitioner does not claim that the legal basis of his claim arose after he exhausted his direct appeal and filed a section 2255 motion or that the law changed in any way relevant to his claim after he filed a section 2255 motion.[1]

---

[1] It is not clear that petitioner filed any motions pursuant to 28 U.S.C § 2255.

3

1      For the reasons discussed above, the undersigned finds that the pending action is a motion
2  to vacate sentence under Section 2255, and not a habeas corpus petition under Section 2241.
3  Therefore, this court does not have jurisdiction to consider petitioner's Section 2255 motion.
4  Thus, respondent's motion to dismiss is granted on this ground.[2]
5  Merits
6      Respondent also moves to dismiss on grounds that petitioner's claim lacks merit.
7  Respondent cites <u>United States v. Ankeny</u>, 502 F.3d 829, 839 (9th Cir. 2007), where the Ninth
8  Circuit found that the defendant's argument that prior convictions must be alleged in the
9  indictment and either admitted or proved beyond a reasonable doubt to a jury was foreclosed by
10 <u>Almendarez–Torres v. United States</u>, 523 U.S. 224, 243–47 (1998).  Because this court lacks
11 jurisdiction to consider petitioner's petition, the undersigned does not reach the merits of his
12 claims.
13     Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No.
14 9) is granted on grounds that the court lacks jurisdiction.
15 Dated:  January 22, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mal1459.dis

---

[2]  In the motion to dismiss, respondent argues that the merits of petitioner's claim are weakened by the fact that petitioner had actual knowledge of the possibility of a fifteen year minimum sentence in advance of his guilty plea. Respondent cites the "Statement of Defendant in Advance of Plea," signed by petitioner and his defense counsel reflecting the possible 15 year sentence.  In support of this argument, respondent cites the docket from the District Court in Utah, but does not provide a copy of this document.  Because respondent did not attach a copy of this document to the motion to dismiss, the undersigned does not consider this argument.